1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   CAPITOL RECORDS, INC.; UMG
7  RECORDINGS, INC.; VIRGIN RECORDS
   AMERICA, INC.; LAFACE RECORDS
8  LLC; LAVA RECORDS LLC; SONY BMG
   MUSIC ENTERTAINMENT; BMG
9  MUSIC; and ATLANTIC RECORDING
10 CORPORATION

11
                UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13                  _____ DIVISION
14
15 CAPITOL RECORDS, INC., a Delaware         CASE NO. _____
   corporation; UMG RECORDINGS, INC., a
16 Delaware corporation; VIRGIN RECORDS      **EX PARTE APPLICATION FOR LEAVE**
   AMERICA, INC., a California corporation;  **TO TAKE IMMEDIATE DISCOVERY**
17 LAFACE RECORDS LLC, a Delaware limited
   liability company; LAVA RECORDS LLC, a
18 Delaware limited liability company; SONY
19 BMG MUSIC ENTERTAINMENT, a Delaware
   general partnership; BMG MUSIC, a New York
20 general partnership; and ATLANTIC
   RECORDING CORPORATION, a Delaware
21 corporation,
22            Plaintiffs,
23     v.
24
25 JOHN DOE,
              Defendant.
26
27
28

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is being sued for direct copyright infringement.[1]

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1 | WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2 | foregoing requested discovery immediately.

3

4 | Dated: March 27, 2008               HOLME ROBERTS & OWEN LLP

5

6 |                                     By _____
7 |                                     MATTHEW FRANKLIN JAKSA
                                        Attorney for Plaintiffs
8 |                                     CAPITOL RECORDS, INC.; UMG
                                        RECORDINGS, INC.; VIRGIN RECORDS
9 |                                     AMERICA, INC.; LAFACE RECORDS LLC;
                                        LAVA RECORDS LLC; SONY BMG MUSIC
10 |                                    ENTERTAINMENT; BMG MUSIC; and
11 |                                    ATLANTIC RECORDING CORPORATION

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#36409 v1

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5

6  Attorneys for Plaintiffs,
   CAPITOL RECORDS, INC.; UMG
7  RECORDINGS, INC.; VIRGIN RECORDS
   AMERICA, INC.; LAFACE RECORDS
8  LLC; LAVA RECORDS LLC; SONY BMG
9  MUSIC ENTERTAINMENT; BMG
   MUSIC; and ATLANTIC RECORDING
10 CORPORATION

11

12                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
13                   _____ DIVISION

14

15 CAPITOL RECORDS, INC., a Delaware          CASE NO. _____
   corporation; UMG RECORDINGS, INC., a
16 Delaware corporation; VIRGIN RECORDS      [PROPOSED] ORDER GRANTING
   AMERICA, INC., a California corporation;   PLAINTIFFS' EX PARTE APPLICATION
17 LAFACE RECORDS LLC, a Delaware limited    FOR LEAVE TO TAKE IMMEDIATE
   liability company; LAVA RECORDS LLC, a    DISCOVERY
18 Delaware limited liability company; SONY
19 BMG MUSIC ENTERTAINMENT, a Delaware
   general partnership; BMG MUSIC, a New York
20 general partnership; and ATLANTIC
   RECORDING CORPORATION, a Delaware
21 corporation,

22              Plaintiffs,

23     v.

24

25 JOHN DOE,
                Defendant.
26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY
Case No. _____
#36412 v1

1  Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the
2  Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:
3  ORDERED that Plaintiffs may serve immediate discovery on California State University,
4  Monterey Bay to obtain the identity of Defendant by serving a Rule 45 subpoena that seeks
5  documents that identify Defendant, including the name, current (and permanent) address and
6  telephone number, e-mail address, and Media Access Control addresses for Defendant. The
7  disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).
8  IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to
9  the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights
10 under the Copyright Act.

13 DATED: _____   By: _____
14                                       United States District Judge

---

1

[PROPOSED] ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY
Case No. _____
#36412 v1